# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

COLLINS SHIVERE,
:
    Plaintiff,                          Case No. 3:05-cv-096

:                District Judge Thomas M. Rose
   -vs-                                  Chief Magistrate Judge Michael R. Merz

AUTO BUYING NETWORK
 and KURTIS HASKINS,
:
    Defendants.

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court upon the filing of Plaintiff's Amended Complaint (Doc. No. 10).

On June 18, 2005, the Court ordered Plaintiff to amend to set forth a specific demand for relief as well as the nature of his claims, advising the Plaintiff that the Court needed to determine whether it had subject matter jurisdiction in this case.

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases which are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. Therefore there is a presumption that a federal court lacks jurisdiction until it has been demonstrated. *Turner v. President, Directors and Co. of the Bank of North America,* 4 U.S. 8, 4 Dall. 8, 1 L. Ed. 718 (1799). Facts supporting subject matter jurisdiction must be affirmatively pleaded by the person seeking to show it. *Bingham v. Cabot,* 3 U.S. 382 (3 Dall. 382), 1 L. Ed. 646 (1798). The burden of proof is on the party asserting jurisdiction if it is challenged. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83,

1

56 S. Ct. 780, 80 L. Ed. 1135 (1935). A federal court is further obliged to note lack of subject matter jurisdiction *sua sponte*. *Ford v. Hamilton Inv. Co.,* 29 F. 3d 255, 257 (6th Cir. 1994); *In re Millers Cove Energy Co., Inc.*, 128 F. 3d 449, 450 (6th Cir. 1997); *Franzel v. Kerr Mfg. Co.,* 959 F. 2d 628, 630 (6th Cir. 1992); *Mansfield, C. & L M. Ry. v. Swan,* 111 U.S. 379, 4 S. Ct. 510, 28 L. Ed. 462 (1884); *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); *Sumner v. Mata*, 449 U.S. 539, 548, n.2, 101 S. Ct. 764, 770, n.2, 66 L. Ed. 2d 722 (1981).

Plaintiff, who is proceeding *pro se*, at least implicitly alleges this Court has subject matter jurisdiction because there is diversity of citizenship between him and both of the Defendants: Plaintiff is a resident of Ohio and Defendants both reside in Indianapolis, Indiana. Article III of the Constitution of the United States permits Congress to grant federal courts jurisdiction over such disputes and Congress has conferred such jurisdiction since it first established district courts in the Judiciary Act of 1789. That jurisdiction is presently conferred by 28 U.S.C. §1332.

However, Congress has always required that there be a minimum amount in controversy in such diversity cases. At the present time, the amount is $75,000. Plaintiff by his Amended Complaint seeks damages in the amount of $15,000 including costs and attorney fees.

Because the amount in controversy in this case is approximately one-fifth of the minimum amount required to be in controversy for diversity of citizenship jurisdiction, it is respectfully recommended that this action be dismissed without prejudice for lack of subject matter jurisdiction. It appears that Plaintiff will have to sue Defendants in a court in Indiana to obtain a determination of the merits of his claims.

June 25, 2005.

                                                                  s/ **Michael R. Merz**
                                                        Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).